**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRENCE TODD, | |
| Plaintiff, | Civil Action No.: 23-4221 (JXN)(CLW) |
| v. | **OPINION** |
| DIRECTOR OSCAR AVILES, *et. al*., | |
| Defendants. | |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Terrence Todd's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-2). The Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I.    BACKGROUND[1]**

On or about August 7, 2023, Plaintiff, a pre-trial detainee confined in Hudson County Correctional Center ("HCCC") in Kearney, New Jersey, filed his Complaint in this matter seeking to raise a claim against HCCC Acting Director Oscar Aviles ("Defendant Aviles") and Nurse Wint

---
[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

("Defendant Wint"). (ECF No. 1 at 4.) The Court construes the Complaint as raising an Eighth Amendment conditions of confinement claim.

In the Complaint, Plaintiff alleges that at some time after he arrived at HCCC, he was transferred to "E-5 North[,] which is a dormitory setting with 50-60 people in the unit at all times." (ECF No. 1-1 at 1.) Plaintiff submits that several people in the unit became sick, and he wore a "make-shift" mask. (*Id.*) Plaintiff alleges that in February, he became sick and experienced pain in his legs, arms, joints, and head. (*Id.*) Defendant Wint told Plaintiff that the symptoms would "go away" and that he should "lay down" and "drink lots of water." (*Id.* at 2.) Plaintiff claims that he complained to a Sergeant regarding the inmates' close living quarters, but he was told that the Warden was capable of running the facility. (*Id.*)

Petitioner seeks monetary relief.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In*

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

The Court construes the Complaint as alleging that Defendants are liable to him under 42 U.S.C. § 1983 based on HCCF's COVID-19 policies and Defendant Wint's failure to provide medical treatment. (*See generally* ECF No. 1-1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish (1) that one of his rights secured by the Constitution or laws of the United States was violated, and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d

Cir. 2000). In a Section 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### B. Failure to State a Claim

#### 1. *Supervisory Liability Claim*

The Complaint alleges that Sergeant Colorado told Plaintiff that Defendant Aviles was capable of running HCCC. (ECF No. 1-1 at 2.)

A plaintiff may establish supervisory liability under Section 1983 by showing (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation, or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to

4

that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

In the Complaint, Plaintiff does not sufficiently identify a specific policy or policies that Defendant Aviles failed to employ. Instead, Plaintiff alleges that he complained to a Sergeant regarding the inmates' close living quarters, impliedly the basis for Plaintiff's sickness, and he was told that the Warden, Defendant Aviles, "was capable of running HCCC." (ECF No. 1-1, at 2.) This falls short of Plaintiff's obligation to address what policies or protocols were in place to prevent the spread of the COVID-19 virus and how these policies were deficient. Plaintiff does not address whether Defendant Aviles was aware that HCCC's COVID-19 policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant Aviles was indifferent to said risk. Thus, Plaintiff fails to state a viable cause of action under Section 1983 for supervisory liability against Defendant Aviles. Accordingly, Plaintiff's claims against Defendant Aviles are dismissed without prejudice.

**2. Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that he brought his symptoms to Defendant Wint's attention, and he was told to lay down and drink lots of water, and the symptoms would pass. (*Id.* at 6.)

A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318

5

F.3d 575, 581 (3d Cir. 2003). Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.*

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103–04. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege (1) a serious medical need and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious a layperson would recognize the necessity for a doctor's attention and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). A plaintiff alleges deliberate

indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.2d at 110.

Plaintiff acknowledges that Defendant Wint saw him, and he was given an opportunity to describe his symptoms and underlying conditions. Plaintiff submits that Defendant Wint told Plaintiff he needed to rest and to drink lots of fluids. (ECF No. 1-1 at 2.) Plaintiff does not plead additional facts to show that Defendant Wint knew or should have known that Plaintiff needed additional treatment. At most, Plaintiff alleges a disagreement with his treatment, but mere disagreement is an insufficient basis on which to establish a claim for deliberate indifference. *See Pearson v. Prison Health Services*, 850 F.3d 526, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."); *Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008) ("[t]he

*Estelle* test gives substantial latitude to prison medical authorities to diagnose and treat inmates"). In short, the alleged facts, even assuming they are true, do not support a finding of deliberate indifference to serious medical needs, and Plaintiff does not present specific allegations that would indicate he received constitutionally deficient medical care. As such, Plaintiff's claim against Defendant Wint is dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's IFP application (ECF No. 1-2) is **GRANTED.** Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff shall have thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**Dated:** April 2, 2024

                                                          **JULIEN XAVIER NEALS**
                                                          **United States District Judge**